## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

BEST BUY STORES, L.P.,

        Plaintiff,

    v.

ULTIMATE ACQUISITION
PARTNERS, L.P., d/b/a Ultimate
Electronics,

        Defendant.

Civil No.: _10·1630 JNE/JSM_

**COMPLAINT**

*Demand for Jury Trial*

RECEIVED

APR 1 6 2010

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

### COMPLAINT

Best Buy Stores, L.P. ("Best Buy") brings this action to enjoin and recover

damages arising from a systematic campaign of false and misleading advertising being

disseminated by its competitor Ultimate Acquisition Partners, L.P. d/b/a Ultimate

Electronics ("Ultimate"), and alleges as follows:

### NATURE OF THE ACTION

1.     This action arises under the Section 43(a) of the Lanham Act, 15 U.S.C. §

1125(a), the Minnesota Deceptive Trade Practices Act, Minn. Stat. 325D.44, Consumer

Fraud Protection Act, Minn. Stat. 325F.69, and Minnesota's false advertising statute,

Minnesota Statutes Section 325F.67, and concerns an ongoing advertising campaign that

makes false comparisons between Ultimate's and Best Buy's pricing on consumer

electronic products.  In particular, for at least the last two years, Ultimate has conducted

an extensive marketing campaign in radio, Internet, outdoor, print, and point-of-sale

1

advertising, conveying the false and misleading message that consumers who shop at
Ultimate will always get the lowest price and that Ultimate's prices always beat Best
Buy's—in which Ultimate makes the following express claims:

- *"Every day we shop . . . Best Buy then adjust our prices to beat theirs, so you
  know we have the lowest electronic prices period"*

- *"We adjust our prices daily. Contact your nearest store for the lowest prices
  period."*

- *"We shop the competition so you don't have to."*

Ultimate's claims are literally false because Ultimate's prices are frequently *higher* than
Best Buy's prices for the same items.   Ultimate's claims are also false and misleading
because they convey the message to consumers that they do not need to comparison shop
because Ultimate does the comparison shopping itself and can assure consumers its prices
are lower than Best Buy's.  In fact, however, because Ultimate's prices are often *higher*
than Best Buy's, consumers do need to comparison shop to obtain the lowest prices.

    2.   Ultimate's advertising campaign is particularly harmful because it strikes at
the heart of competition in the consumer electronics business and misleads consumers
into surrendering the most effective tool they have to ensure competitive pricing:  the
ability to comparison shop and determine which retailer actually does offer the lowest
price.

    3.   Ultimate's false advertising campaign has already caused and is causing
irreparable harm to Best Buy through pecuniary loss, damage to reputation, and loss of
goodwill.   To prevent further irreparable harm, Best Buy seeks, and is entitled to, an
injunction prohibiting Ultimate from disseminating false and misleading claims.  Best

Buy also seeks, and is entitled to, an award of damages caused by Defendants' unlawful conduct and other relief authorized by law.

## PARTIES

4.      Best Buy is a Virginia limited partnership, with its principal place of business headquartered at 7601 Penn Avenue South, Richfield, Minnesota 55423.

5.      Ultimate is a Limited Partnership with its principal place of business headquartered at 321 West 84th Avenue, Suite A, Thornton, CO 80260. Ultimate is a subsidiary of Wattles Capital Management, LLC, which upon information and belief is owned by Mark Wattles, a citizen of Nevada. Ultimate conducts business and has committed wrongful acts in this District and therefore, is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1367(a).

7.      The matter in controversy in this action exceeds the sum or value of $75,000 and is between citizens of different states. Therefore, the Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Ultimate has stores and offices in this district, is doing business in this district, and is advertising in this district the false and misleading statements at issue.

3

## FACTS

9.     Best Buy is a leading retailer of consumer electronics, home office products, entertainment software, appliances, and related services, and operates retail stores throughout the United States.

10.    Ultimate operates a chain of retail electronics stores in eleven states—including six stores in Minnesota—and sells consumer electronics products directly through its website, www.ultimateelectronics.com.

11.    Ultimate directly competes with Best Buy in the sale of consumer electronic products to consumers.

12.    For at least the past two years, Ultimate has engaged in an advertising campaign, through radio, Internet, outdoor, print, and point-of-sale advertising, in which it has directly compared its prices to those of Best Buy and conveyed the false and misleading message to consumers that if they shop at Ultimate, they will always get the lowest price and that Ultimate's prices will always "beat" Best Buy's because Ultimate verifies daily that its prices are lower than Best Buy's prices for the same items.

13.    In its advertisements, Ultimate has claimed that "*Every day we shop Walmart and Best Buy then adjust our prices to beat theirs, so you know we have the lowest electronic prices period*" and "*We adjust our prices daily. Contact your nearest store for the lowest prices period*" and "*We shop the competition so you don't have to.*"

14.    The following are just a few examples of Ultimate's advertising materials, which highlight these false and misleading claims:

4

a.    Banner Advertisement on www.ultimateelectronics.com (last visited

Apr. 9, 2010).



Figure 1. *See* Exhibit A.

b.    Print Advertisements



Figure 2. *See* Exhibit B.

c.    Outdoor Advertising



Figure 3. *See* Exhibit C

15.    Upon information and belief, Ultimate intentionally caused the advertising

statements at issue to influence the purchasing decisions of consumers and with an intent

to harm the pecuniary interests of Best Buy. These statements convey the message to

consumers that they do not have to comparison shop at Best Buy because Ultimate has

done it for them, so that consumers will purchase consumer electronic products from

Ultimate with the assurance that its pricing is lower than what Best Buy offers for the same products.

16. In reality, Ultimate does not offer the "lowest prices period." Ultimate's prices for consumer electronics products are frequently *higher* than Best Buy's prices for the same products. Further, upon information and belief, Ultimate does not shop each of the Best Buy stores "every day" and adjust its prices on each of its products to "beat" Best Buy's prices.

17. For example, in late 2009, Best Buy conducted a series of pricing surveys in markets throughout the United States, which confirmed that Ultimate's prices were frequently *higher* than Best Buy's. For some product categories, Ultimate's prices were *higher* than Best Buy's in a majority of instances.

18. In another example, upon information and belief, Ultimate's advertising claims failed a test conducted by the Better Business Bureau for Minnesota and North Dakota in early 2008. *See* H.J. Cummins, *BBB contests Ultimate's lowest-price advertising*, Minneapolis Star Tribune, Feb. 12, 2008, at 1D. According to public reporting of the test comparing Ultimate's and Best Buy's prices, Ultimate had the lowest price on only three of the seven television models that were tested. The report stated that the Denver-area Better Business Bureau similarly challenged Ultimate's "lowest price" claim, and dropped Ultimate's rating from satisfactory to unsatisfactory.

19. Best Buy, too, has notified Ultimate that its advertising claims are false and misleading and requested that they cease.

20.     On January 5, 2010, Best Buy filed a complaint with the National Advertising Division of the Council of Better Business Bureaus ("NAD"), the primary self-regulatory body of the advertising industry that arbitrates advertising disputes, alleging that Ultimate's advertising was false and misleading. The NAD opened an inquiry of Ultimate's advertising based on Best Buy's complaint.  Ultimate, however, did not respond to the NAD's inquiry.  On April 12, 2010, pursuant to NAD procedures, the NAD issued a press release stating it has referred the matter the U.S. Federal Trade Commission for further enforcement due to Ultimate's failure to respond to its inquiry.

21.     Despite Best Buy's request and the NAD complaint, not to mention the reported findings of the Minnesota and North Dakota Better Business Bureau, Ultimate has refused to voluntarily discontinue its false and misleading campaign and continues to flood the airwaves, Internet, print, outdoor, and point-of-sale media with its false and misleading campaign to convince consumers that they need not comparison shop at Best Buy because they "know" that Ultimate will offer "the lowest prices period."

22.     Ultimate continues to disseminate its false and misleading advertisements willfully, despite its awareness, as its Chairman and CEO Mark Wattles acknowledged, "that claiming that we always beat your prices and in fact doing it is problematic at best." Email from Mark Wattles to Brian Dunn (March 15, 2010).

## **FIRST CAUSE OF ACTION**

### **Lanham Act False Advertising, 15 U.S.C. § 1125(a)**

23.     Best Buy repeats the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. Ultimate's false and misleading statements regarding the comparison between their prices and those of Best Buy and other retailers constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Ultimate's claim in its advertisements that "*Every day we shop Walmart and Best Buy then adjust our prices to beat theirs, so you know we have the lowest electronic prices period*" is literally false and misleading,

26. Ultimate's claim in its advertisements that "*We adjust our prices daily. Contact your nearest store for the lowest prices period*" is literally false and misleading.

27. Ultimate's claim in its advertisements that "*We shop the competition so you don't have to*" is literally false and misleading, because it conveys the message to consumers that they do not have to do their own comparison shopping because Ultimate's prices will always be lower than Best Buy's.

28. Ultimate's false and misleading advertisements, individually and in combination, are material and likely to influence customers purchasing decisions.

29. Ultimate sells consumer electronics in interstate commerce at retail locations around the United States, including six stores in Minnesota, and through the Internet.

30. Ultimate's false and misleading advertisements have damaged, and will continue to damage, the pecuniary interests of Best Buy.

31. Upon information and belief, Ultimate is waging its false and misleading advertising campaign willfully and with full knowledge of its false and misleading nature, and of its tendency to deceive.

32.     If Ultimate is allowed to continue its false and misleading advertisements, Best Buy will suffer irreparable harm for which it has no adequate remedy at law.

33.     As a result of Ultimate's wrongful conduct, Best Buy is entitled to injunctive relief, recovery of Ultimate's profits obtained as a result of its false advertising, damages in an amount to be determined at trial, recovery of all attorneys' fees and costs incurred, and corrective advertising to be determined by the Court.

## SECOND CAUSE OF ACTION

### Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44

34.     Best Buy repeats the allegations in paragraphs 1 through 33 as if fully set forth herein.

35.     Ultimate's conduct, described above, constitutes willful and knowing deceptive trade practices, in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

36.     Ultimate has made express and implied misrepresentations of fact regarding their products.

37.     Ultimate has made express and implied misrepresentations of fact that expressly name Best Buy's products.

38.     Ultimate's false and misleading advertisements otherwise creates a likelihood of confusion or misunderstanding among consumers regarding Ultimate's and Best Buys' products.

39.     Not only are Ultimate's deceptive practices injurious to the public, but its actions also damage Best Buy's reputation for quality products and low prices among

consumers and diverts sales from Best Buy, thereby damaging Best Buy's pecuniary interests.

40. Best Buy and the consuming public have been irreparably harmed, and will be irreparably harmed if such deceptive trade practices are allowed to continue.

41. As a result of Ultimate's wrongful conduct, Best Buy is entitled to injunctive relief, and recovery of all attorneys' fees and costs incurred.

## THIRD CAUSE OF ACTION

### Minnesota False Statement in Advertisement Act, Minn. Stat. § 325F.67

42. Best Buy repeats the allegations in paragraphs 1 through 41 as if fully set forth herein.

43. Ultimate's conduct, described above, constitutes a willful and knowing violation of the Minnesota False Statement in Advertisement Act, specifically Minn. Stat. § 325F.67, which prohibits the dissemination of false, deceptive, and misleading advertisements. Under Minn. Stat. § 8.31 subd. 3a, "any person injured" by a violation of these statutes may bring an action for damages, equitable relief, costs, and attorney's fees.

44. Best Buy and the consuming public have been irreparably harmed by Defendants' false advertisements, false and misleading statements, and deceptive practices in connection with the sale of its products, and will be irreparably harmed if such deceptive trade practices are allowed to continue.

45. As a result of Ultimate's wrongful conduct, Best Buy is entitled to injunctive relief, recovery of Ultimate's profits obtained as a result of its wrongful

10

conduct, damages in an amount to be determined at trial, and recovery of all attorneys'
fees and costs incurred.

## FOURTH CAUSE OF ACTION

### Minnesota Consumer Fraud Protection Act, Minn. Stat. § 325F.69

46.     Best Buy repeats the allegations in paragraphs 1 through 45 as if fully set
forth herein.

47.     Ultimate's conduct, described above, constitutes a willful and knowing
violation of the Minnesota Consumer Fraud Protection Act, specifically Minn. Stat. §
325F.69, which prohibits the use of any "fraud, false pretense, false promise,
misrepresentation, misleading statement or deceptive practice, with the intent that others
rely thereon in connection with the sale of any merchandise. Under Minn. Stat. § 8.31
subd. 3a, "any person injured" by a violation of these statutes may bring an action for
damages, equitable relief, costs, and attorney's fees.

48.     Best Buy and the consuming public have been irreparably harmed by
Defendants' false advertisements, false and misleading statements, and deceptive
practices in connection with the sale of its products, and will be irreparably harmed if
such deceptive trade practices are allowed to continue.

49.     As a result of Ultimate's wrongful conduct, Best Buy is entitled to
injunctive relief, recovery of Ultimate's profits obtained as a result of its wrongful
conduct, damages in an amount to be determined at trial, and recovery of all attorneys'
fees and costs incurred.

## PRAYER FOR RELIEF

WHEREFORE, Best Buy respectfully requests the following remedies and relief:

1.      An order that judgment be entered for Plaintiff Best Buy and against Defendant Ultimate on all claims alleged herein.

2.      A permanent injunction restraining Ultimate from broadcasting, or entering into any agreement for the printing or broadcasting of, or otherwise carrying on, the false advertising statements identified in this complaint, or any advertising which communicates similar false messages;

3.      An order requiring Ultimate to deliver up and destroy all advertisements and other promotional materials bearing or using the false and misleading advertising claims identified in this complaint;

4.      An order requiring Ultimate to immediately make corrective advertisements in all media in which it placed the original statements, including without limitation, the newspapers, radio stations, Internet, outdoor, and point-of-sale locations in which its false advertisements appeared. Such statements shall run for an equal number of days as the false and misleading advertisements appeared and the same number of publications and number of consecutive issues of the publications and in the same manner and frequency of dissemination as the offending statements appeared;

5.      An order requiring Ultimate to file with this Court and to serve upon Best Buy's counsel within 30 days after entry and service of an injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

6.    A monetary award to compensate Best Buy for all injury resulting from Ultimate's false advertising and deceptive practices, including lost profits, lost sales, and expenditures for past or future corrective advertising, to be trebled in accordance with 15 U.S.C. § 1117;

7.    A monetary award of all of Ultimate's profits derived from its false and misleading advertising, to be trebled in accordance with 15 U.S.C. § 1117;

8.    An award of Best Buy's costs and disbursements in bringing this action, including its reasonable attorneys' fees;

9.    And such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues triable by right to a jury.


Dated: April 16, 2010          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By:

Elliott S. Kaplan (MN #53624)
Stephen P. Safranski (MN #331326)
Laura E. Nelson (MN #342798)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
Tel.: (612) 349-8500
Fax: (612) 349-4181

ATTORNEYS FOR BEST BUY STORES, L.P.

EXHIBIT A

# Exhibit A

# ULTIMATE
ELECTRONICS

Our Pricing Guarantee | Our Services | Part Search | About Us | Careers

Appliances | Computers | Televisions | Audio & Home Theater | Video Games & Movies | Cameras & Camcorders | iPods & Portable Electronics | In-Car Electronics | Billiards

SEARCH

*Unbeatable Prices Every Day*

## The Lowest Prices Period



**ULTIMATE ELECTRONICS** APPLIANCES TVS GAMES COMPUTERS MOVIES

**Every Day We Shop Walmart and BEST BUY**

**Then Adjust Our Prices to Beat Theirs, so You Know We Have the Lowest Prices Period.**

Ultimate Electronics is not affiliated with or sponsored by Walmart or Best Buy. Electronics prices only; special offers.

Get Everything You Need **FOR YOUR RIDE**

Create the Perfect **HOME THEATER**

Cash for Appliances

ENERGY STAR



**GOVERNMENT REBATE PROGRAM**
*Appliances available at select locations



Blu-ray Disc

Your Source for the Best Prices on **BLU-RAY PLAYERS**

EXHIBIT B

# Exhibit B















EXHIBIT C

# Exhibit C